Docket 18-1954, Pillars v. General Motors. Good morning, Your Honors. May it please the Court, Russell Babcock, I'm here on behalf of Benjamin Pillars, the appellant. As Your Honors are aware, we're here today based upon admissions that were made by new GMs, Michigan attorneys, in a lawsuit that was filed in Michigan. Those admissions appeared in the pleading, which is the answer to the complaint, as well as a notice of removal. What I think is important for this Court to keep in mind is that Judge Grovers, as he's dealing with these issues, obviously has firsthand knowledge as to what's going on in these proceedings. And I think the context of what led up to his ruling is important. As I indicated, new GMs, Michigan attorneys, made these admissions in the pleadings. This fact was pointed out repeatedly in multiple forms, and it was pointed out in the bankruptcy proceeding as well as in the multi-district litigation proceedings, that they had made these admissions in their answers to the complaint. New GM did nothing to address it. Instead, what happened is we went to a hearing before Judge Grovers, and it's only after he issues his ruling and it becomes abundantly clear what has happened, as a result of their decision, earlier decisions, that new GM suddenly decides, hey, we want to do an amendment. We want to seek an amendment. And literally the next day, they're in front of the Michigan District Court judge seeking the amendment. Not once did they do that before the hearing. And I think it's important because what we're doing here, we're not dealing with a memorandum of law, which is what was going on in the Hub Floral Group case. We're dealing with a pleading. And quite frankly, as Judge Grovers noted in his opinion, up on the bench as well as in his motion for consideration, you cannot go to a final adjudication and have a do-over. And that's what makes this case distinguishable from all the cases that they have cited to. First, it deals with a pleading, not a memorandum of law. And more importantly, as we sit here today, we have yet to see an affidavit from any of these Michigan attorneys explaining what happened here. All we have are statements from bankruptcy attorneys, which were made on the fly at the hearing as to what they thought might have happened. The fact of the matter is there's been nothing here submitted in the form of affidavits or anything from the Michigan attorneys explaining what happened leading up to Judge Grovers' decision. So, when you look at the Hub versus Floral Group case, we believe it stands and supports our case because, again, we're not dealing with a memorandum of law here. We're dealing with an answer to the complaint. Also, I mean, and also we cited the cases talking about the fact that this is a statement of fact. We're not talking about a legal theory of recovery here. We're talking about statements about what the contract was and what it provided for. We were provided with quotes from due GM in their answer to the complaint and their notice of removal. And, again, nothing was done to address it. Quite frankly, Your Honors, I mean, this case involved an individual whose wife was in a very tragic car accident. In fact, he's here today. He lost his wife after a number of years of being incapacitated. And for new GM to say, well, you know, the rules don't apply to us. They apply to you. I mean, you're barred and you've heard arguments here from other appellants seeking to go after new General Motors. And they're saying, oh, you've got to go by the rules, you've got to go by the rules. They didn't follow the rules here, Your Honor. They didn't file. They made assertions. They didn't do anything to correct it. And, quite frankly, the question before this Court is, did Judge Gerber abuse his discretion, which, as Your Honors are aware, is a very, very high standard. It's not a standard that should be taken lightly. And why does Judge Gerber get the benefit of that high standard? Because he is there. He knows these lawyers. He knows the parties. He's dealing with them day after day. He understands the procedural history leading up to this. He is the one that's got to deal with lawyers who want to do do-overs after the fact. He's the one who's maintaining order of this Court. And he is there to make determinations as to when parties have made concessions and when they haven't. And we kindly ask that this Court reverse the District Court's ruling, affirm Judge Gerber's Bankruptcy Court ruling. Did Judge Gerber do this based, as I understand it he did, but please disabuse me if you think I'm wrong, on the basis that what occurred was a judicial admission? Yes, is the answer to that? Yes, he did need this to be an admission by the parties. What is this Court's standard of review with respect to a trial judge's determination that something was a judicial admission? Well, the Court's standard of review is to determine whether or not Judge Gerber abused his discretion when he made that ruling. You're saying something was a judicial admission? Yes, because the judicial— Isn't it whether something is a judicial admission a matter of law? Well, there's a legal component to it, but also I think the point of the matter is, had the new GM made a motion to amend prior to that, and had the District Court granted it, then we'd gone to the oral arguments before the judge, after that, and the judge had decided, you know, I mean, yeah, there's a legal element to it, no question about it. But, quite frankly, it's the actions of the party that plays a critical part in understanding the judge's ruling, because, again, nothing had happened, nothing had been done by new GM until afterwards. So, Judge Gerber, because basically what they did, they filed this motion for reconsideration afterwards, saying, oh, look, we have this new evidence to be a manifest injustice, not to allow us now to have this do-over occur. And Judge Gerber, again, pointed out that this was nothing new. This is the discretionary decision-making that he needs to make. He says, you had your chance, new GM. You didn't do anything for whatever reason, and now there's consequences of those decision-making. And, again, I think that Judge Gerber, who's there, who's seeing what's going on, seeing how it's playing out, seeing the gamesmanship that's taking place by GM, understood that this was not, that you have to have process, you have to follow the process, you have to. If you're going to seek an amendment, you have to do it before the judge is asked to make his final decision, which is what he did. Your Honors, I see my time's about up. What I would, again, ask that the Court, you know, affirm Judge Gerber's decisions, reverse the District Court's decision, and allow this matter to proceed, and we rely on the rest of our agreements that we set forth in our principal brief, as well as our reply brief in further support of the relief that we're seeking. Unless Your Honors have any questions, that's our position, Your Honors. Thank you, Mr. Babcock. You've reserved two minutes for rebuttal. Ms. Murphy. Good morning, Your Honors, and may it please the Court. New GM's inadvertent quotations from the earlier and superseded sale agreement were not judicial admissions in the first place, and even to the extent that they were, they lost all legal force once the District Court in Michigan allowed us to amend the complaint to remove them. For either of those reasons, this Court can and should affirm. Here, what we have are clearly mistakes, and I think what differentiates this, say, from the discussion we were having earlier, is it's clear on the face of the documents in which these quotations happened that this was just inadvertent. I mean, if you start with the first one, it's the notice of removal. In the body of the notice of removal, we repeatedly cite to Exhibit C, which is the sale agreement. If you go to the exhibit, the exhibit is the actual sale agreement that was approved by the Bankruptcy Court, and that is, in fact, in effect, and that does, in fact, undisputably bar these claims. It was only in a footnote where, for the convenience of the Court, we had endeavored to reproduce language, that we reproduced language from the wrong version of the sale agreement. And then if you go to the second document, it's our answer, and in the answer, again, we inadvertently quote from the wrong version of the sale agreement, but in the very next sentence of the answer, we denied having assumed liability for these claims on the ground that they were barred by the sale agreement. So it's clear here that, in context, when these statements were made, they were inadvertent. This isn't something where, after the fact, we kind of changed our mind. We just never realized we were quoting the wrong documents in the first place. And both the Bankruptcy Court and the District Court concluded as much. Even though the Bankruptcy Court ruled against us on the issue, the Court agreed that this was a mistake, not an intentional statement. Now, as the District Court correctly concluded, that should have led the Bankruptcy Court to conclude that there never was a judicial admission here in the first place because these were not intentional, unambiguous statements, let alone statements of fact, but in all events, not unintentional, ambiguous, clear attempts to bind us to something in particular. But, you know, even if there were, at some point in this case, a judicial admission, it is the law of this circuit, and essentially everywhere else, that once you have a pleading has been amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission. That's a quote from a case from this court nearly a century ago, the Kungling case. The Court has reiterated that proposition very recently. So here, when we went back to the District Court and said, hey, this was a mistake, now that you have jurisdiction again because the stay has been lifted, we'd like to amend both the notice of the removal and the answer to make clear that this case, like all other cases, is bound by the actual version of the sale agreement, the District Court agreed. And the Michigan District Court was really the best-positioned District Court to decide whether it was appropriate for us to be able to amend. And the Court said there's a liberal policy in favor of amendment here, there's never been any reliance or anything because this case was at its early stages and allowed us to amend. So at this point, it really doesn't even make any difference kind of what happens in this appeal because even if this case were litigated, which it shouldn't be because it's barred by the sale order, it would still just be barred by the sale order because the binding governing version of the answer in the actual Pillar's case is the real sale agreement because we amended our answer to put that version into the answer. So no matter kind of which road you go down, there's not going to be an ability to litigate these claims because they just fall squarely within the terms of the actual sale order that was agreed upon here. If the Court has no questions, we're happy to rest on our paper. Thank you, Ms. Marford. Thank you. Mr. Babcock. First off, Your Honors, with regards to amendments, the case law that they cited and we brought to the Court's attention in our reply talks about amendments prior to the adjudication of the fact-finding. Remember, Judge Gerbers is the one who has the jurisdiction to make determinations as to whether something is part of the bankruptcy estate or part of the new GM's liability. That was why the estate was imposed by him. That's why he issued his ruling setting aside the estate. Now, with regards to this, again, with all due respect to the Appellant Counsel, she wasn't the one who signed the pleadings. Neither was the bankruptcy attorneys. We keep hearing about this. In fact, even the bankruptcy attorney at oral arguments for Judge Gerbers says, I think, I thought, you know, they didn't have an answer. And quite frankly, the fact of the matter is that, again, there's been no affidavits provided to this day by Michigan attorneys explaining what had happened there. Now, and again, quite frankly, the lack of activity by new GM, notwithstanding the fact that we were raising it prominently in our submissions, sets forth and makes, and their lack of response is deafening. They obviously knew the arguments were there. They knew how to file a motion to amend. They did it after the Judge Gerbers' decision, but they did nothing. And meanwhile, my client is now, they're now trying to prejudice my client for the things that they did. We'd ask that this court, again, reverse the district court's ruling, affirm the bankruptcy court's ruling, and allow our client to proceed according to the ruling from the bankruptcy judge. Unless Your Honor has any questions, that's our position. Thank you, Mr. Babcock. Thank you again, Ms. Murphy. Thank you both. We'll reserve decision in this matter.